UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN GOMEZ,<br><br>                Plaintiff,<br><br>     v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>                Defendant. | Case No. CV 14-08069-JEM<br><br>MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

**PROCEEDINGS**

On October 22, 2014, Martin Gomez ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Social Security Disability Insurance benefits. The Commissioner filed an Answer on February 9, 2015. On August 17, 2015, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

## BACKGROUND

Plaintiff is a 45-year-old male who applied for Social Security Disability Insurance benefits on July 6, 2011, alleging disability beginning May 1, 2008. (AR 19.) The ALJ determined that Plaintiff did not engage in substantial gainful activity during the period from his alleged onset date of May 1, 2008, through his date last insured of June 30, 2012. (AR 21.)

Plaintiff's claim was denied initially on December 1, 2011, and on reconsideration on March 23, 2012. (AR 19.) Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Michael J. Kopicki on December 12, 2012, in Pasadena, California. (AR 19.) Plaintiff appeared and testified at the hearing and was represented by counsel. (AR 19.) Vocational expert ("VE") Carmen Roman also appeared and testified at the hearing. (AR 19.)

The ALJ issued an unfavorable decision on February 15, 2013. (AR 19-29.) The Appeals Council denied review on August 20, 2014. (AR 1-3.)

## DISPUTED ISSUES

As reflected in the Joint Stipulation, Plaintiff raises only the following disputed issue as a ground for reversal and remand:

1. Whether the ALJ properly considered the medical evidence as contained in the treating physician's opinion.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such

relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141.

Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

## THE ALJ DECISION

In this case, the ALJ determined at step one of the sequential process that Plaintiff did not engage in substantial gainful activity during the period from his alleged onset date of May 1, 2008, through his date last insured of June 30, 2012. (AR 21.)

At step two, the ALJ determined that through the date last insured, Plaintiff had the following medically determinable severe impairments: degenerative disc disease of

the lumbar spine; right infrapatellar tendinitis; obstructive sleep apnea, by history; obesity; a history of chronic kidney disease, mild; and major depressive disorder. (AR 21-22.)

At step three, the ALJ determined that through the date last insured, Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. (AR 22-23.)

The ALJ then found that through the date last insured, Plaintiff had the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b) with the following limitations:

> . . . was able to lift and/or carry 20 pounds occasionally and 10 pounds frequently, stand and/or walk for six hours out of an eight-hour workday with normal breaks, and sit for six hours out of an eight-hour workday with normal breaks, could no more than occasionally crouch, kneel, crawl, and stoop, was able to understand, remember, and carry out simple work activity but was unable to sustain complex or detailed tasks.

(AR 23-27.) In determining the above RFC, the ALJ made an adverse credibility determination, which Plaintiff does not challenge here. (AR 24.)

At step four, the ALJ found that Plaintiff, through the date last insured, was unable to perform his past relevant work as a camera man, a radio broadcaster (disc jockey), and an editing machine operator. (AR 27.) The ALJ, however, also found that, considering Claimant's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Claimant could have performed, including the jobs of small product assembler, office worker, gate attendant, and information clerk. (AR 28-29.)

Consequently, the ALJ found that Claimant was not disabled, within the meaning of the Social Security Act, from May 1, 2008, the alleged onset date, through June 30, 2012, the date last insured. (AR 29.)

**DISCUSSION**

Plaintiff's contends that the ALJ failed to consider the April 19, 2013, treating opinion of Dr. Mihai Chituc and the treatment records at Kaiser Permanente regarding Plaintiff's mental impairments. (AR 1314-1321.) Dr. Chituc diagnosed severe depression and anxiety. (AR 1315.) He opined that Plaintiff's mental impairments caused marked limitations, including the inability to complete a normal workday. (AR 1315-21.) The ALJ, however, had no obligation to consider Dr. Chituc's opinion because it was outside the relevant adjudicatory period. Plaintiff alleges an onset date of May 1, 2008. (AR 19.) Plaintiff's date last insured ("DLI") was June 30, 2012. (AR 21.) Dr. Chituc did not even begin treating Plaintiff until September 24, 2012 (AR 1315), which was three months after Plaintiff's DLI. Any evidence of deterioration after the DLI was not relevant. Tidwell v. Apfel, 161 F.3d 599, 601 (9th Cir. 1999) (claimant must establish disability existed on or before expiration of the DLI).

The ALJ decision, moreover, was issued on February 15, 2013. (AR 29.) Dr. Chituc's report was not issued until April 19, 2013 (AR 1321), which was two months after the ALJ decision. Plaintiff, however, did submit Dr. Chituc's report to the Appeals Council in connection with Plaintiff's request for review of the ALJ's decision. (AR 1-4.) The Appeals Council did consider Dr. Chituc's report. (AR 1-2.) This Court has no jurisdiction to review the decision of the Appeals Council denying review. Brewes v. Comm'r, 682 F.3d 1157, 1161-62 (9th Cir. 2012); Taylor v. Comm'r of Soc. Sec. Adm., 659 F.3d 1157, 1161-62 (9th Cir. 2011). When the Appeals Council denies review, the ALJ's decision becomes the final decision of the Commissioner, and the Court reviews that decision for substantial evidence based on the record as a whole, including any new evidence submitted to and considered by the Appeals Council. Brewes, 682 F.3d at 1161-63.

Plaintiff's contention that the Appeals Council failed to state why it rejected Dr. Chituc's opinion is plainly incorrect. The Appeals Council determined that the ALJ decided Plaintiff's case through June 2012, the date last insured. (AR 2.) The new

information Plaintiff presented to the Appeals Council, which would include Dr. Chituc's opinion, "is about a later time." (AR 2.) Accordingly, the Appeals Council concluded, "Therefore, it [the new evidence] does not affect the decision about whether you were disabled beginning on or before June 20, 2012." (AR 2.) The Appeals Council suggested that Plaintiff file a new claim regarding the period after 2010. (AR 2.)

Thus, the ALJ decision must be reviewed for whether it is supported by substantial evidence for the period from May 2008 to June 2012. As the Appeals Council noted, Dr. Chituc's opinion has no bearing on that period. Dr. Chituc's April 2013 opinion, moreover, was silent about the applicability of his opinion to that period. The ALJ's RFC and credibility assessment are supported by substantial evidence, findings as to which Plaintiff offers no specific objection other than his reliance on Dr. Chituc's opinion. Plaintiff has not presented any evidence from the relevant period that would undermine the ALJ's conclusion that the RFC "is supported by the objective medical evidence, the Claimant's treatment history, the Claimant's reported activities, and the Claimant's overall diminished credibility." (AR 27.)

Thus, the ALJ decision must be affirmed. The Commissioner, Appeals Council, and ALJ properly considered the medical evidence. The ALJ's RFC is supported by substantial evidence. The ALJ's nondisability determination is supported by substantial evidence and free of legal error.

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this case with prejudice.

DATED: September 10, 2015      /s/ John E. McDermott
                                              JOHN E. MCDERMOTT
                                    UNITED STATES MAGISTRATE JUDGE